[No. 11378. Department Two. November 29, 1913.]

WISCONSIN LUMBER COMPANY, *Appellant*, v. PACIFIC TANK & SILO COMPANY, *Respondent*.[1]

SALES—TIME OF PAYMENT—EVIDENCE — SUFFICIENCY. A finding that sixty days' credit for trade discounts was given is warranted, where the order was silent as to the time of payment, but the acceptance of the order stated those terms, and the seller's general manager testified that those were the terms of sale.

APPEAL—REVIEW—WAIVER OF ERROR. Appellant cannot predicate error on a finding of fact as alleged and proved by him.

APPEAL—REVIEW—FINDINGS. Findings on contested facts will not be disturbed on appeal where the evidence to the contrary is not so preponderating as to show error.

SALES—DELIVERY—DAMAGES FOR DELAY—WAIVER. The mere receipt of part of goods purchased subsequent to the time fixed for delivery, does not waive the right to recover damages for the delay, especially where attention was repeatedly called to such damages.

Appeal from a judgment of the superior court for Lewis county, Wright, J., entered February 4, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Thacker & Hancock* and *Hayden & Langhorne*, for appellant.

*Tucker & Bowe, A. A. Hull*, and *Abel & Burnett*, for respondent.

MORRIS, J.—Appellant commenced this action to recover an amount claimed to be due on account of lumber sold respondent. Respondent answered, admitting the delivery of

[1]Reported in 136 Pac. 691.

lumber of the value of $2,172.46, of which amount $1,201.71 was upon a contract for the delivery of silo stock, and the balance upon an open account. Counterclaim was then pleaded, setting forth a contract for the delivery of silo stock, quantity, grade, size, and price of the stock, with time of delivery, and alleging a breach of the contract in the failure to deliver within the time called for, and the resulting damage. Appellant, by way of reply, admitted the making of the contract, denied it had breached its terms, and alleged a breach by respondent in refusing to pay for deliveries of stock as provided for in the contract. The breach being admitted by both parties, the question for the court to decide, a jury having been waived, was which of the parties breached the contract, and the damages if any. This issue was found in favor of respondent. Appellant, attacking the findings as unwarranted by the evidence, appealed.

The first complaint is made of a finding that respondent was given sixty days' credit for certain trade discounts. The order as prepared by respondent was silent as to the time of payment. Appellant, however, in its acknowledgment of the order, stated the terms under which payment should be made, and in its reply further alleged the terms as found by the court. Its general manager likewise testified that these were the terms of the sale. This it seems to us is sufficient to justify the finding. Appellant, having alleged and proved the terms of payment, can hardly now say the court was in error in so finding.

The next contention is error in charging appellant with the breach of the contract and in the award of damages. Without a more specific reference, there is ample evidence to justify the conclusion reached by the court in these particulars. It is probably true that the evidence would sustain a different finding, but the court below having reached its conclusion upon contested facts with ample supporting evidence, and the evidence to the contrary not so preponderating as to justify us in saying the court was in error, we

refuse to say such findings are not supported by the evi-
dence. We find no question of law in the case, unless it be
appellant's contention that respondent waived the default of
appellant in failing to deliver the silo stock within the time
and in the quantities called for by the contract. We find no
facts upon which such a waiver can be predicated. The
mere fact that subsequent to the time fixed for the delivery,
the respondent received a portion of the stock, does not of
itself destroy its right to recover damages for delay. *Dignan
v. Spurr*, 3 Wash. 309, 28 Pac. 529. There might be cir-
cumstances under which such a receipt might be held a waiver,
but we find none of them present here. On the contrary, it
clearly appears that respondent, on different occasions,
called appellant's attention to the damages sustained by rea-
son of the failure to deliver promptly.

Finding nothing to call for a reversal of the judgment, it
is affirmed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., con-
cur.